EL PUEBLO, DEMANDANTE Y APELADO, *v.* FILOMENO ET AL.,
ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Distrito Segundo, en causa por infracción a la Ley de
Arbitrios.

No. 1955.—Resuelto en mayo 21, 1923.

INSCRIPCIÓN DE ALAMBIQUES—ARBITRIOS, LEY DE.—La sección 61 de la Ley de Ar-
bitrios de 1919 no ha sido derogada por la Ley Volstead. Si bien la sección
25 de esta última declara ilegal y castiga la posesión de cualquier propiedad
que sirva para la fabricación de licor para ser usado en violación de la ley,
no es contraria a la sección 61 de la Ley de Arbitrios, pues ésta no permite
el uso de alambiques para fabricar alcohol ilegalmente, sino que hace obliga-
toria la inscripción de toda clase de alambiques, no para permitir la posesión
de los que destilen alcohol ilegalmente ni cobrarles impuesto, sino para poder
vigilarlos, auxiliando así a la prohibición de nuestra Ley Orgánica y a la
Ley Volstead.

ALAMBIQUES—PRUEBA OCULAR.—La presentación del alambique como prueba en
casos por infracción a la sección 61 de la Ley de Arbitrios no es indispen-
sable; la existencia del aparato en posesión del acusado puede probarse por
testigos oculares. *El Pueblo* v. *Rodríguez,* 30 D. P. R. 318.

Los hechos están expresados en la opinión.
Abogado de los apelantes: *Sr. R. Martínez Nadal.*
Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

Los apelantes fueron acusados y condenados por haber
infringido la sección 61 de la Ley núm. 55 de 15 de junio de

1919 por tener en su poder bajo su custodia y control, montados y en debido funcionamiento, cinco alambiques o aparatos para ·destilar ron, sin haberlos inscrito en la Tesorería de Puerto Rico; y el tercer motivo de su recurso de apelación se funda en que la corte inferior cometió error al no declarar con lugar su moción de sobreseimiento toda vez que la sección 61 por cuya infracción han sido condenados está derogada por la Ley Volstead por estar en conflicto con ella.

Argumentan ese alegado error diciendo que la Ley núm. 55 no tiene otra finalidad que la de allegar recursos para el Tesoro de Puerto Rico, que sólo puede imponer rentas sobre artículos de comercio lícito: que la Ley Volstead tiene por objeto la prohibición de venta o tráfico de bebidas embriagantes, con excepción de las destinadas a usos medicinales, sacramentales e industriales; que la Ley 55 está hecha para armonizar los ingresos del Tesoro con los preceptos de la Ley Volstead con cuyo fin en la sección 2 define lo que es alcohol absoluto, fijando su gravedad específica en un tipo que equivale a lo que se conoce en graduación por 40 grados Cartier, y en la sección 3a. lo que son espíritus alcohólicos, fijando en la 18 el impuesto sobre el alcohol absoluto destinado a fines medicinales, industriales o científicos; que está fuera de duda que en Puerto Rico existe un impuesto sobre el alcohol absoluto destinado a fines medicinales, industriales o científicos y que por tanto no se pueden cobrar contribuciones o impuestos sobre alcoholes que no sean del tipo de 40 grados Cartier y sobre alcoholes que estén destinados a otros usos que no sean los permitidos por la ley; que establecida así esta premisa indiscutible es claro que la sección 61 sólo tiene por fin evitar el que nadie en Puerto Rico tenga alambiques que puedan producir alcohol de 40 grados Cartier y alcoholes que se destinen a los fines medicinales, científicos o industriales, únicos cuyo comercio lícito está permitido por nuestras leyes; que su propósito no es el de

completar la Ley Volstead sino el de evitar fraudes al Erario de Puerto Rico y que no pueda haber, por lo tanto, fraude al Tesoro con la posesión de aparatos imperfectos que destilan alcoholes inferiores a 40 grados Cartier que no pueden ser destinados a fines industriales, comerciales o científicos y que sólo se fabrican con el objeto de violar la ley federal que prohibe la venta de bebidas embriagantes; que la sección 61 sólo puede referirse a aparatos que produzcan alcohol de 40 grados y que se dediquen a usos ilícitos, porque no es auxiliar de la Ley Volstead sino puramente destinada a asegurar ingresos al Tesoro Insular y a castigar los que defrauden al Tesoro y no a los que vendan bebidas embriagantes de alcoholes inferiores que no están sujetos a contribución, ni fué hecha para castigar a los que tengan alambiques que fabriquen alcoholes inferiores para la embriaguez; y que siendo esto así, como en la denuncia no se alega que son alambiques que producen alcohol de 40 grados y que este alcohol se destinaba a usos lícitos por los que están sujetos a impuestos, la imputación a cualquier persona de tener en su poder un aparato imperfecto destinado a producir bebidas embriagantes no constituye un delito de fraude o de tener aparatos destinados al fraude del Erario en Puerto Rico. Oralmente, su abogado se refirió al caso de *United States* v. *Yuginovich,* 256 U. S. 450, en el que se declaró que la ley de "Prohibición Nacional" de 28 de octubre de 1919, conocida por Ley Volstead, derogaba tácitamente una ley federal anterior porque ésta imponía pena más grave que la Ley Volstead por el hecho que se perseguía y que el Congreso puede establecer impuestos sobre licores embriagantes a pesar de que su producción esté prohibida y castigada.

La sección 61 de la Ley núm. 55 no establece impuesto alguno sobre los alambiques que puedan destilar alcohol inferior o superior a la norma fijada por la sección 2ª. para determinar lo que para sus efectos ha de considerarse como alcohol absoluto, o según la 3ª. como espíritus alcohólicos, sino

que ha dispuesto que toda persona que tenga un alambique o aparato destilatorio debe inscribirlo en la Tesorería y castiga su incumplimiento. Usa en términos generales la palabra alambique o aparato destilatorio, que es el que se usa para extraer al fuego y por destilación el espíritu o esencia de cualquier substancia líquida, comprendiendo así a todo alambique, cualquiera que sea la destilación que con él se haya hecho, se haga o trate de hacerse. Por consiguiente, el argumento de que sólo se refiere la ley a alambiques que producen alcohol de 40 grados Cartier carece de fundamento y también el de que el tener alambiques imperfectos, que producen alcohol de menos de esa graduación, no es constitutivo de delito. El fin que persigue la sección 61 es el de conocer todos los alambiques existentes en la isla para vigilarlos y poder saber cuáles destilan alcohol sujeto al impuesto y cuáles lo destilan contra la cláusula prohibitiva de nuestra Ley Orgánica de 1917 que prohibe la venta y tráfico de bebidas embriagantes que no estuvieran destinadas a fines medicinales, sacramentales, industriales o científicos, auxiliando de esta manera su cumplimiento. Véase el caso de *El Pueblo* v. *Rosaly,* 28 D. P. R. 474.

Sostienen, sin embargo, los apelantes que la sección 61 ha sido derogada por la Ley Volstead.

La sección 61, anterior a la ley de Prohibición Nacional, c. 83, 41, Stat. 305, no ha sido derogada por ésta tácitamente, como sostienen los apelantes, porque si bien la sección 25 de la segunda declara ilegal y castiga la posesión de cualquier propiedad que sirva para la fabricación de licor para ser usado en violación de la ley, no es contraria a la sección 61 pues ésta no permite el uso de alambiques para fabricar alcohol ilegalmente, sino que, como antes hemos dicho, hace obligatoria la inscripción de toda clase de alambiques, no para permitir la posesión de los que destilen alcohol ilegalmente ni cobrarles impuestos, sino para poder vigilarlos, auxiliando así a la prohibición de nuestra Ley Orgánica y

a la Ley Volstead. Además, no solamente las derogaciones tácitas no son favorecidas por los tribunales sino que después de la sentencia dictada en el caso de *United States* v. *Yuginovich, supra,* el Congreso de los Estados Unidos decretó en la sección 5 de la ley de noviembre 23, 1921, c. 134, 42 Stat. 223, que todas las leyes referentes a la fabricación e imposición de contribuciones y tráfico de bebidas embriagantes que estaban en vigor al ser aprobada la Ley Nacional de Prohibición continuarán vigentes excepto en lo que estén directamente en conflicto con la Ley Nacional de Prohibición, y la sección 61 de la Ley núm. 55 no está directamente en conflicto con dicha Ley Nacional de Prohibición, según hemos visto.

Los otros dos motivos de la apelación pueden resumirse en uno, a saber: haber permitido la corte inferior que no se presentaran los alambiques, y que un policía declarase que los aparatos ocupados eran alambiques, lo que no constituye error según hemos declarado en el caso de *El Pueblo* v. *Rodríguez* que resolvimos el 4 de abril de 1922.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociado Hutchison.

Los Jueces Asociados Sres. Wolf y Franco Soto no intervinieron en la resolución de este caso.